UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMERCIAL DEVELOPMENT COMPANY, INC., a Missouri corporation and ENVIRONMENTAL LIABILITY TRANSFER, INC., a Missouri corporation, and WASH PAPER LLC, A Missouri Washington limited liability company as assign,<br><br>Plaintiffs,<br><br>v.<br><br>ABITIBI CONSOLIDATED, INC., a foreign corporation, JOHN DOES 1-10, officers directors, agents or employees of ABITIBI CONSOLIDATED, INC., individually and their marital communities composed thereof,<br><br>Defendants. | Case No. C07-5172RJB<br><br>ORDER |

This matter comes before the Court on Defendant Abitibi-Consolidated Inc.'s ("Abitibi") Motion to Quash Notice of Lis Pendens and for Other Relief (Dkt. 6) and Plaintiffs' Motion to Amend Complaint (Dkt. 14). The Court has reviewed all documents filed in support of these motions, has reviewed the entire file, and is fully advised.

## I. FACTS

Plaintiffs originally filed this action on March 21, 2007, in Pierce County Superior Court, alleging Defendants wrongfully refuse to sell Plaintiffs commercial real property located in Steilacoom,

ORDER
Page - 1

Washington. Dkt. 2-3. Plaintiffs make claims for breach of contract, promissory estoppel, violations of the Sarbanes Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745, violations of the implied covenants of good faith and fair dealing, and violations of the Washington State Consumer Protection Act, RCW 19.86. *Id.* at 11-13. Plaintiffs seek injunctive relief and monetary damages. *Id*. at 13-14. Plaintiffs filed a Notice of Lis Pendens in Pierce County Superior Court and recorded the Notice of Lis Pendens in the county real property records on March 23, 2007. Dkt. 1-2, at 8-15. The Notice of Lis Pendens provides,

> Notice is given that the above-named plaintiffs have commenced an action against the above-named defendant in the Superior Court for Pierce County, by filing a summons and complaint. This is notice of the pendency of this action. The names of the parties to this action are set forth above. The object of this action is to confirm the purchase rights of the Plaintiffs as it relates to commercial real estate located in Steilacoom, Pierce County, Washington.

*Id*. The Notice of Lis Pendens then goes on to describe real property. *Id.*

On April 4, 2007, Abitibi removed the case to this Court. Dkts. 1 and 2. Abitibi filed an Answer to the Complaint, and counterclaims for slander of title, alleging that Plaintiffs' Notice of Lis Pendens was improperly filed. Dkt. 5.

Abitibi now moves to Quash the Notice of Lis Pendens. Dkt. 6. It argues that Plaintiffs' Complaint fails to state a claim which affects title to real property because Plaintiffs seek injunctive relief to prevent the destruction of paper producing equipment and monetary damages. *Id*. Abitibi also argues that it is entitled to attorneys' fees and actual damages for Plaintiffs' wrongful filing of the Notice of Lis Pendens. *Id*. Plaintiffs argue that even if the Complaint is vague or unclear, the Complaint, when coupled with the Lis Pendens and other communications clearly provided notice of a claim to the title of the property. Dkt. 10. Plaintiffs filed a Motion to Amend Complaint the same day that they filed their Response to the Motion to Quash the Notice of Lis Pendens. Dkt. 14. Plaintiffs argue that the Court should assess Fed. R. Civ. P. 11 sanctions against Abitibi's attorneys for harassing Plaintiffs with this motion, and for wasting the time and resources of the Court and parties. Dkt. 10, at 9-10. Abitibi replies, arguing that the claims stated in the Complaint do not affect title to real property and are inadequate to support the filing of the Notice of Lis Pendens. Dkt. 18. Abitibi argues that sanctions are not warranted. *Id.*

Plaintiffs, in their Motion to Amend Complaint, argue that they intend to clarify that they seek title to the property as an alternative relief to monetary damages in this matter. Dkt. 14. Abitibi opposes the

Motion to Amend, arguing that amendment of the Complaint is futile because: 1) specific performance is not available when damages are an adequate remedy, 2) specific performance is not available under the conflicting drafts of the Purchase and Sale Agreement, 3) specific performance is not available under the letter of intent, and 4) specific performance is not available for a promissory estoppel claim. Dkt. 20. In reply, Plaintiffs argue that: 1) Abitibi's Response seeks a ruling on substantive issues that are not properly before this Court, 2) Abitibi has not demonstrated prejudice and the proposed amendment is timely, and 3) Plaintiffs are entitled to request alternative relief of monetary damages and/or specific performance. Dkt. 21.

This opinion will first address Plaintiff's Motion to Amend Complaint, then Abitibi's Motion to Quash Notice of Lis Pendens and for Other Relief, and lastly, Plaintiffs' Motion for Rule 11 Sanctions.

## II.   DISCUSSION

### A.   PLAINTIFFS' MOTION TO AMEND COMPLAINT

After responsive pleading is served, a party may amend the party's pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Generally, "leave shall be freely given when justice so requires." *Id.* This policy is to be applied with "extreme liberality." *Eminince Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*citations omitted*). In deciding whether to allow an amendment, a district court should consider undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Not all of the factors merit equal weight, and prejudice to the opposing party carries the greatest weight. *Eminence*, 316 F.3d at 1051.

Plaintiffs' Motion to Amend Complaint should be granted. Plaintiffs's motion is not unduly delayed, as this matter was originally filed in March of this year. There is no evidence in the record that Plaintiffs have engaged in bad faith, or have dilatory motives. Plaintiffs have not repeatedly failed to cure deficiencies in their Complaint by amendment. Abitibi has not shown undue prejudice. Although Abitibi argues that it is suffering actual damages as a result of the Notice of Lis Pendens, it has a pending counterclaim for slander of title and seeks damages if it prevails on that claim. Under RCW 4.28.328(3),

> Unless the claimant establishes a substantial justification for filing the lis pendens, a claimant is liable to an aggrieved party who prevails in defense of the action in which the lis pendens was filed for actual damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

ORDER
Page - 3

1  The potential recovery provided by RCW 4.28.328(3) prevents Abitibi from being unduly prejudiced by
2  this amendment.

3  Lastly, Abitibi has not shown that, at this stage in the litigation, amendment is futile. Abitibi argues
4  that it would be futile to allow amendment to add a specific performance claim because specific
5  performance is not available when damages are an adequate remedy. Dkt. 20, at 6. Abitibi argues that the
6  fact that Plaintiffs have continued to claim monetary damages in the proposed amended complaint
7  establishes that monetary damages are an adequate remedy. *Id*. Abitibi's argument is misplaced. Fed. R.
8  Civ. P. 8(a) provides that "[r]elief in the alternative or of several different types may be demanded" in a
9  pleading that sets forth a claim for relief. Moreover, "[a] monetary award may be made in an action
10 brought for specific performance, either by granting an alternative prayer for damages for breach of
11 contract, or to provide necessary supplemental relief in addition to a decree of specific performance."
12 *Century Inv. Corp. v. U.S.,* 250 F.2d 139, 143 (9th Cir. 1957)(*internal citations omitted*). The adequacy
13 or inadequacy of monetary damages in this matter do not provide an acceptable basis for denial of the
14 motion to amend. Abitibi argues that to allow amendment of the complaint to add specific performance
15 would be futile because it is not available under conflicting drafts of the purchase and sale agreement. Dkt.
16 20, at 7. Abitibi argues that the conflicting drafts of the purchase and sale agreement fail to meet the
17 statute of frauds, fail to show a meeting of the minds, and fail to establish the material terms of the real
18 property contract. *Id.* at 7-8. Abitibi also argues that amendment is futile because specific performance is
19 not available under the letter of intent. *Id*. at 9-10. Abitibi lastly argues that amendment is futile because
20 specific performance is not available under Washington law for the claim of promissory estoppel when the
21 alleged promise fails to meet the statute of frauds. *Id*., at 10-11. Abitibi's arguments are, in essence,
22 motions to dismiss or motions for summary judgment, requiring the Court to look beyond the Complaint to
23 the alleged contract and letter of intent at issue. If Abitibi intends to make such motions, it should do so
24 pursuant to the Federal and Local Rules of Civil Procedure, properly noted for consideration. Plaintiff's
25 Motion to Amend Complaint should be granted.

26  **B.  ABITIBI'S MOTION TO QUASH NOTICE OF LIS PENDENS AND FOR OTHER RELIEF**
27
28  "At any time after an action affecting title to real property has been commenced, . . . the plaintiff . . . may file with the auditor of each county in which the property is situated a notice of the pendency of the

action, containing the names of the parties, the object of the action, and a description of the real property." RCW 4.28.320.

Abitibi's Motion to Quash Notice of Lis Pendens should be denied. Abitibi's argument that Plaintiff's complaint does not affect the title to the real property is now moot in light of the specific performance requested in the Amended Complaint.

Abitibi's motion for attorneys' fees and actual damages should be denied. Under RCW 4.28.328(1)(c), an "aggrieved party" is defined, in relevant part, as "a person against whom the claimant asserted the cause of action in which the lis pendens was filed." Abitibi is, for the purposes of this motion, an "aggrieved party" under the statute. RCW 4.28.328 provides two alternative ways for an "aggrieved party" to recover actual damages and attorneys fees from the filing of a lis pendens. Under RCW 4.28.328 (2),

> A claimant in an action not affecting the title to real property against which the lis pendens was filed is liable to an aggrieved party who prevails on a motion to cancel the lis pendens, for actual damages caused by filing the lis pendens, and for reasonable attorneys' fees incurred in canceling the lis pendens.

The Amended Complaint is an action which affects the title to real property because Plaintiffs seek title to the subject property. Accordingly, Abitibi is not entitled to relief under this provision of the statute. The second manner in which an aggrieved party may recover actual damages from the filing of a lis pendens, (attorneys fees and costs) is RCW 4.28.328(3), which appears in Section II. B. of this opinion. Because no party has yet prevailed in this action, Abitibi's motion for actual damages and attorneys fees should be denied.

### C.  PLAINTIFFS' MOTION FOR SANCTIONS

Fed. R. Civ. P. 11(b)(1) provides that by presenting to the court a pleading, written motion, or other paper, an attorney is certifying to the best of the their knowledge that "it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Plaintiffs' Motion for Rule 11 sanctions should be denied. Plaintiffs argue that Abitibi's Motion to Quash the Notice of Lis Pendens was brought to harass them and to waste judicial and party resources. Dkt. 10, at 10. The record does not indicate that Rule 11 sanctions are proper. Abitibi filed the Motion to Quash the Notice of Lis Pendens before Plaintiffs filed the proposed Amended Complaint. Abitibi's

arguments were reasonably made under existing law and were nonfrivolous. Although Abitibi's motion required time and attention from all parties concerned, it was not a "needless increase in the cost of litigation."

### III. ORDER

Therefore, it is hereby, **ORDERED** that:

- Defendant Abitibi's Motion to Quash Notice of Lis Pendens and for Other Relief (Dkt. 6) is **DENIED,**
- Plaintiffs' Motion for Fed. R. Civ. Pro. 11 Sanctions (Dkt. 10) is **DENIED**,
- Plaintiffs' Motion to Amend Complaint (Dkt. 14) is **GRANTED**.

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 30th day of May, 2007.

Robert J. Bryan
United States District Judge