UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COMMERCIAL DEVELOPMENT COMPANY, a Missouri corporation; ENVIRONMENTAL LIABILITY TRANSFER INC., a Missouri corporation; and WASH PAPER LLC, a Missouri Washington limited liability company as assign,<br><br>Plaintiffs,<br><br>v.<br><br>ABITIBI-CONSOLIDATED INC., a foreign corporation, JOHN DOES 1-10, officers directors, agents or employees of ABITIBI-CONSOLIDATED, INC., individually and their martial communities composed thereof,<br><br>Defendants. | Case No. C07-5172RJB<br><br>ORDER ON MOTION TO INTERVENE |

This matter comes before the Court on Vanessa A. Herzog and her marital community's Motion to Intervene (Dkt. 27) and motion for a monetary sanction against Plaintiffs' counsel (Dkt. 34). The Court has considered the pleadings filed in support of and in opposition to these motions and the file herein.

### I.  FACTS AND PROCEDURAL BACKGROUND

Plaintiffs originally filed this action on March 21, 2007, in Pierce County Washington

ORDER - 1

Superior Court, alleging Defendants wrongfully refused to sell Plaintiffs commercial real property located in Steilacoom, Washington. Dkt. 2-3. The subject property is approximately 83 acres and was a former paper mill site. *Id*. Plaintiffs filed a Notice of Lis Pendens in Pierce County Superior Court and recorded the Notice of Lis Pendens in the county real property records on March 23, 2007. Dkt. 1-2, at 8-15. On April 4, 2007, Abitibi-Consolidated Inc. ("Abitibi") removed the case to this Court. Dkts. 1 and 2.

The First Amended Complaint alleges that in the spring of 2006, Abitibi, through its real estate agent Vanessa Herzog (the moving party here), listed the subject property for sale. Dkt. 25, at 2. Plaintiffs allege that on June 1, 2006, as a result of "substantial negotiations" Plaintiffs submitted an executed Letter of Intent to Abitibi. *Id*. at 7. Plaintiffs allege that the Letter of Intent was "legally binding upon Purchaser and Seller subject only to negotiation and execution of a mutually acceptable Purchase and Sale Agreement." *Id*. at 9. Plaintiffs allege that they were "formally notified of [Environmental Liability Transfer's] selection as the purchaser of the property by the agent of [Abitibi], Ms. Herzog, by email dated July 27, 2006." *Id*. at 8. Plaintiffs' allege that the email states: "Environmental Liability Transfer, Inc. has been selected as the purchaser for the Abitibi property. The purchase price in $4,000,000. I will be forwarding the signed letter of intent and purchase and sale agreement shortly." *Id*. Plaintiffs allege that despite spending substantial sums on due diligence and acting with good faith to complete the transaction, on February 16, 2007, Defendants demanded additional compensation for the property. *Id*. at 9-10. Plaintiffs allege that they recently discovered that Abitibi and "John Does were showing the property to prospective purchasers and were in the process of negotiating a new agreement with a prospective purchaser for $5,000,000." *Id*. at 10. Plaintiffs make claims for breach of contract, promissory estoppel, violations of the Abitibi Code of Ethics and Principles of Ethical Behavior: violations of Sarbanes Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745, violations of the implied covenants of good faith and fair dealing, and violations of the Washington State Consumer Protection Act, RCW 19.86.

ORDER - 2

Dkt. 25, at 11-13. Plaintiffs seek injunctive relief, specific performance of the real estate contract, and monetary damages. *Id*. at 13-14.

On September 18, 2007, Vanessa A. Herzog and her marital community ("Herzog") filed the instant Motion to Intervene. Dkt. 27. Herzog is a real estate agent with GVA Kidder Mathews, and was Abitibi's agent in the transaction at issue. Dkt. 32, at 1. Herzog states that GVA Kidder Mathews also employs Linn Larsen, Plaintiff's agent in the transaction at issue here. *Id*. Herzog offers the following in support of her motion: Herzog alleges that the subject property had some environmental contamination and that it was Abitibi's intention to fully remediate the site before transferring the site to a financially qualified purchaser. *Id*. at 2. According to Herzog, Abitibi wanted "blanket indemnity" from the purchaser for any environmental contamination. *Id*. She states that,

> Towards the end of 2006, [Abitibi] informed [her] that it wished to proceed with further discussions with Plaintiff. [Abitibi] subsequently informed [her] that it would not execute a [Letter of Intent] as it did not wish to be committed to a buyer until the remediation was nearing completion, and would bind itself only with a fully negotiated Purchase and Sale Agreement. At no time did [Abitibi] sign the [Letter of Intent] or deliver a copy of the [Letter of Intent] by any means to [Plaintiffs].

*Id*. at 2. She explains that she sent the email (referenced above and as it appears in the First Amended Complaint) not to Plaintiffs, but to a title company which was expected to act as the closing agent. *Id*. According to Herzog, it is "standard industry practice for the seller to provide title information to the buyer to be reviewed as part of the feasibility review." *Id*. at 3.

Herzog states that Abitibi provided a Purchase and Sale Agreement to Plaintiffs, containing the required indemnity provisions. *Id.* She states that Plaintiffs returned a revised Purchase and Sale Agreement materially limiting the indemnity provisions. *Id*. According to Herzog, Abitibi elected to pursue other alternatives after receiving the altered document. *Id*.

She states that her listing agreement has now expired, and but for the filing of this suit and the lis pendens, she would have earned a commission of around $270,000. *Id*.

ORDER - 3

Herzog attaches a Complaint in Intervention to her motion with three causes of action. Dkt. 28. First, she seeks a judicial declaration that "the conduct on the part of Ms. Herzog relied on by [Plaintiffs] cannot, as a matter of law, create any liability on legal or equitable grounds for Ms. Herzog, GVA Kidder Mathews or [Abitibi]" to Plaintiffs. *Id.*, at 2-3. Secondly, she makes a claim for tortuous interference, alleging that Plaintiffs here have "wrongfully and tortuously interfered with the sale of the property to third parties causing damages to Ms. Herzog in an amount which will be proven with specificity at trial." *Id.* at 3. Lastly, Herzog makes a claim for damages and attorneys fees under RCW 4.28.328. *Id*.

Herzog argues that she should be permitted to intervene because she has a strong interest in this matter. She notes that Plaintiffs have implicated her as the individual whose conduct created the legal liability alleged. Dkt. 27, at 9. She notes that Plaintiff's first interrogatory responses indicated that she was one of the "John Doe Defendants" against whom Plaintiff was asserting a claim for a million dollars, although a second set of responses removes her name. *Id*. She believes that the removal of her name was motivated by Plaintiffs' counsel's concern regarding a conflict of interest. *Id*. Herzog's counsel states that Plaintiffs' counsel also represents GVA Kidder Mathews. Dkt. 31, at 2-3. (Herzog is a real estate broker with GVA Kidder Mathews.) Dkt. 32, at 1. Herzog argues that her interest are divergent from Abitibi's interests because it is her conduct which is alleged to have created the legal liability for Abitibi. Dkt. 27, at 10.

Plaintiffs oppose the motion arguing: that 1) Herzog does not have a protectable interest in the issue that is being litigated in the present dispute, 2) Courts have consistently refused to allow intervention in breach of contract disputes by non-contracting/non-third party beneficiaries applicants, 3) Herzog's contingent tortuous interference claim does not create a right to intervention, 4) disposition of Plaintiff's claims against Abitibi will not impair Herzog's future ability to recover against either Plaintiff or Abitibi, 5) Abitibi will adequately represent Herzog's interest in this dispute, and 6) the Court should not grant permissive intervention to Herzog. Dkt. 33.

ORDER - 4

1   Herzog argues in her Reply that she seeks to intervene principally to defend against claims

2   affirmatively asserted against herself and her marital community. Dkt. 34. The relief she seeks is a

3   declaration that her conduct did not and cannot create any liability for either herself, GVA Kidder

4   Mathews, or Abitibi. *Id.* Plaintiff alleges that Mr. Osborn, Plaintiffs' counsel and GVA Kidder

5   Mathews' counsel, is in "possession of directly relevant privileged information from an adverse party

6   about the very business practices at issue in the lawsuit. " *Id.*, at 1 n1. She alleges that if Plaintiffs'

7   counsel was complying with the Rules of Professional Conduct, he would have been the one bringing

8   this motion. *Id*.

9   Further, in her Reply, Herzog moves for sanctions against Mr. Mullaney at Foster Pepper in

10  the amount of $3,500.00. Dkt. 34. She alleges that the first set of Interrogatory Responses which

11  named her as a "John Doe Defendant" were improperly certified by Mr. Mullaney to be in

12  compliance with Fed. R. Civ. P. 26(g). Dkt. 34, at 3.

## II. DISCUSSION

### A. INTERVENTION OF RIGHT

Fed. R. Civ. P. 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). "Under Federal Rule of Civil Procedure 24(a)(2), a party is entitled to intervene where (1) the intervention is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Gonzalez v. Arizona*, 485 F.3d 1041, 1051 (9th Cir. 2007)(*internal citations omitted*). Rule 24(a) is liberally construed in

ORDER - 5

favor of intervenors. *California ex rel Lockyer v. U.S.,* 450 F.3d 436, 440 (9th Cir. 2006)

### 1. Timely Intervention

Upon consideration of the four requirements which must be met under Fed. R. Civ. P. 24(a)(2), Herzog should be permitted to intervene in this matter. There is no dispute that Herzog's application to intervene was timely, and so she meets the first requirement under Fed. R. Civ. P. 24(a). This opinion will now examine each of the remaining three requirements in turn.

### 2. Significant Protectable Interest

As to the second requirement, she has shown a significant protectable interest relating to the transaction that is the subject of the action. *Gonzalez*, at 1051. "An applicant has a significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." *California ex rel Lockyer v. U.S.,* 450 F.3d 436, 441 (9th Cir. 2006) (*citing Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998))(*internal citations omitted*).

Under Washington law, real estate brokers and agents generally "do not have implied authority to make a contract of sale, or make representations as to the quality, condition, or income of property, but are limited to finding a purchaser, showing the property to him and identifying it or indicating its boundaries." *Larson v. Bear,* 38 Wash. 2d 485, 489-90 (1951); *Sound Built Homes, Inc. v. Windermere Real Estate/South Inc.,* 118 Wn. App. 617, 625-26 (2003)(holding that, unless otherwise agreed, a real estate agent has authority to procure a willing and able buyer, but not authority to sell the land). According to Herzog, her principal reason for seeking to intervene is to defend herself and her marital community from any potential liability stemming from the allegations in the First Amended Complaint involving her. Dkt. 34. For example, the First Amended Complaint alleges that Plaintiff was "formally notified of its selection as the purchaser of the property by the agent of [Abitibi], Ms. Herzog, by email dated July 27, 2006." Dkt. 25 at 8. Herzog denies that this was the purpose of the email and seeks declaratory relief that her conduct did not and cannot create

ORDER - 6

any liability for herself and Abitibi. Dkt. 32, at 3. At this stage in the litigation, Herzog has articulated a sufficient protectable interest in protecting herself and her marital community to intervene as of right.

Turning to the second prong of this requirement to intervene as of right, there is a relationship between Herzog's legally protected interest and the Plaintiff's claims. *California ex rel Lockyer, at 441.* "An applicant generally satisfies the 'relationship' requirement only if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, at 410. Herzog argues that if Plaintiffs prevail, there is a chance that Abitibi will seek redress from her. Herzog will then be forced to defend herself and her marital community which she is trying to do now. Accordingly, resolution of Plaintiffs' claims will actually affect Herzog. Although Abitibi has not filed a Response to this motion, Herzog has adequately alleged a relationship between her right to defend herself and Plaintiff's claims.

### 3. Impairment

The third requirement that Herzog must meet under Fed. R. Civ. P. 24(a)(2) is that the disposition of this dispute may, as a practical matter, impair or impede her ability to protect her interest. *Gonzalez*, at 1051. The Ninth Circuit has held in light of this requirement, that "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule be entitled to intervene." *Southwest Center for Biological Diversity v. Berg,* 268 F.3d 810 822 (9th Cir. 2001)(*internal citations omitted*). As stated above, if a determination is made in this case that Herzog's actions created liability for Abitibi, her interests would be both legally and practically affected. She may be forced to defend a latter action and may be bound by factual or legal findings in this case. Accordingly, she meets this requirement to intervene as of right.

### 4. Representation of Herzog's Interest

Lastly, Abitibi may not adequately represent Herzog's interest, and so she meets the final

ORDER - 7

requirement to intervene as of right.

> In assessing whether a present party will adequately represent an intervenor-applicant's interests, we consider several factors, including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected.

*Prete v. Bradbury,* 438 F.3d 949, 956 (9th Cir. 2006)(*internal citations omitted*).  Here, it is an open question as to whether the existing parties will make all of Herzog's arguments.  Abitibi's silence on this motion to intervene calls into question its willingness to make the arguments in Herzog's defense.  Herzog also offers an element to these proceedings that otherwise may be neglected: that is the liability of the real estate agent on the facts alleged.

Moreover, it is possible that in the end the existing parties and Herzog will not have the same ultimate objective.  *See Prete* at 956.  Plaintiffs' interests and Herzog's interests in defending herself from the allegations in the First Amended Complaint clearly do not have the same ultimate objective.  Abitibi and Herzog both are interested in a finding that there is no binding agreement between Abitibi and Plaintiffs so, to some degree have a similar objective.  However, Abitibi and Herzog's interests may also diverge.  If Plaintiff prevails, Herzog wants a declaration finding her free from liability for her actions.  Abitibi may want the reverse.  Herzog has sufficiently shown that her interests may well be inadequately represented by the existing parties.

**B.     PERMISSIVE INTERVENTION**

Herzog should also be permitted to intervene under Fed. R. Civ. P. 24(b)(2).  Fed. R. Civ. P. 24(b) provides:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . .  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b).  "An applicant who seeks permissive intervention must prove that it meets three threshold requirements: (1) it shares a common question of law or fact with the main action;

ORDER - 8

(2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly*, at 412.

There are common questions of law and fact between Herzog's requested relief and the issues raised by the existing parties in the case. For instance, the legal significance of Herzog's email, dated July 27, 2006, raises common issues of law and/or fact between Plaintiffs' case and Herzog's claim for declaratory relief. Her remaining tortuous interference with a contract claim and her claim under RCW 4.28.328 share common issues of fact and law with Abitibi's counterclaim for relief under RCW 4.28.328. Accordingly, Herzog meets the first of the threshold requirements for permissive intervention. There is no dispute that her motion is timely, and so she meets the second requirement for permissive intervention. Lastly, it appears that at this stage, the court has a basis for jurisdiction over Herzog's claims: diversity jurisdiction pursuant to 28 U.S.C. § 1332. Although the Court notes that the caption in the First Amended Complaint lists Plaintiff Wash Paper LLC as a "Missouri Washington limited liability company," the Notice of Removal alleges that Wash Paper LLC is a Missouri corporation. Plaintiffs should clarify this issue for the Court and move to amend the First Amended Complaint if necessary. Herzog has met the three threshold requirements for permissive intervention.

Moreover, Plaintiffs have failed to show that Herzog's intervention will unduly delay or prejudice the adjudication of the rights of the original parties. Her motion has occurred relatively early in the case. Trial is set to begin in the end of May 2008. Her declaratory relief address one of the core issues in the case. Her other two claims relate to counterclaims asserted by Abitibi. In the interest of fully and fairly inquiring into the merits of the allegations here, Herzog's Motion to Intervene (Dkt. 27) should be granted.

### C. MOTION FOR SANCTIONS

Herzog moves for sanctions against Mr. Mullaney at Foster Pepper in the amount of $3,500.00. Dkt. 34. She alleges that the first set of Interrogatory Responses which named her as a

ORDER - 9

1  "John Doe Defendant" were certified by Mr. Mullaney to be in compliance with Fed. R. Civ. P.
2  26(g). Dkt. 34, at 3. Although Herzog acknowledges that after pointing out that she was included
3  as a "John Doe Defendant" Plaintiffs' counsel amended the answer and removed her name, she still
4  argues that she is entitled to sanctions. *Id.* at 3-4.

5  Her motion should be denied without prejudice. Plaintiffs did not have an opportunity to
6  respond to the motion because it was made in Herzog's reply. Moreover, Herzog did not properly
7  note the motion for sanctions in compliance with Fed. Local R. Civ. P. 7.

**D.   CONFLICTS OF INTERESTS**

The Court is concerned with varying allegations of conflicts of interest. Parties are reminded that the Rules of Professional conduct apply. The Court expects that all involved will act professionally.

**III.   ORDER**

Therefore, it is hereby **ORDERED** that Vanessa A. Herzog and her marital community's Motion to Intervene (Dkt. 27) is **GRANTED** and her Motion for Sanctions (Dkt. 34) is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of October, 2007.

                              /s/ Robert J. Bryan
                              ROBERT J. BRYAN
                              United States District Judge

ORDER - 10