1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

COMMERCIAL DEVELOPMENT
COMPANY, a Missouri corporation;
ENVIRONMENTAL LIABILITY
TRANSFER INC., a Missouri corporation; and
WASH PAPER LLC, a Missouri Washington
limited liability company as assign,

Plaintiffs,

v.

ABITIBI-CONSOLIDATED INC., a foreign
corporation, and VANESSA HERZOG,
individually and her marital community,

Defendants,
_____

VANESSA HERZOG, individually and her
marital community,

Intervenor Plaintiff,

v.

COMMERCIAL DEVELOPMENT
COMPANY, a Missouri corporation;
ENVIRONMENTAL LIABILITY
TRANSFER INC., a Missouri corporation; and
WASH PAPER LLC, a Missouri Washington
limited liability company as assign,

Defendants in Intervention.

Case No. C07-5172RJB

ORDER DENYING INTERVENOR'S
MOTION FOR SUMMARY
JUDGMENT RE: PLAINTIFFS'
FRAUD CLAIMS

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    This matter comes before the Court on the above-referenced motion (Dkt. 106). The court

24 has considered all documents filed in support of and in opposition to the motion and the contents of

25 the file herein. For the reasons stated below, the motion should be denied.

26 ORDER - 1

1

## A.    SUMMARY JUDGMENT STANDARD

2       Under Fed. R. Civ. P. 56(b) a "party against whom relief is sought may move at any time,

3   with or without supporting affidavits, for summary judgment on all or part of the claim."  Summary

4   judgment is proper only if the pleadings, the discovery and disclosure materials on file, and affidavits,

5   if any, show that there is no genuine issue as to any material fact and the moving party is entitled to

6   judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The moving party is entitled to judgment as a

7   matter of law when the nonmoving party fails to make a sufficient showing on an essential element of

8   a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*,

9   477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a

10  whole, could not lead a rational trier of fact to find for the non moving party.  *Matsushita Elec.*

11  *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific,

12  significant probative evidence, not simply "some metaphysical doubt."); *See also* Fed. R. Civ. P.

13  56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence

14  supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of

15  the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac.*

16  *Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

17      The determination of the existence of a material fact is often a close question.  The court

18  must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a

19  preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv.,*

20  *Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor of the

21  nonmoving party only when the facts specifically attested by that party contradict facts specifically

22  attested by the moving party.  *Id.*  The nonmoving party may not merely state that it will discredit the

23  moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the

24  claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).  Conclusory, non

25  specific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v.*

26  ORDER - 2

1   *Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

2   **B.   DISCUSSION**

3   The plaintiffs must prove each of the nine elements of fraud by clear, cogent and convincing

4   evidence.  The nine elements of fraud are:

5   (1)   Representation of an existing fact;

6   (2)   Materiality of the representation;

7   (3)   Falsity of the representation;

8   (4)   The speaker's knowledge of its falsity;

9   (5)   The speaker's intent that it be acted upon by the plaintiffs;

10   (6)   Plaintiffs' ignorance of the falsity;

11   (7)   Plaintiffs' reliance on the truth of the representation;

12   (8)   Plaintiffs' right to rely upon it; and

13   (9)   Resulting damages.

14   While the plaintiffs assume a substantial and difficult burden in attempting to prove fraud, it is

15   the court's opinion that it would be an error to dismiss the fraud claim at this time.  Plaintiffs, in their

16   Opposition to Intervenor's Motion for Partial Summary Judgment (Dkt. 117) and supporting

17   documents (Dkt. 118), have pointed out some evidence supporting each of the nine elements of

18   fraud.  While the showing is not strong, and relies upon questions of credibility of witnesses,

19   inferences from direct evidence, and inferences from circumstantial evidence, the showing is

20   sufficient to raise material issues of fact on each of the elements.  Accordingly, the motion should be

21   denied.

22   **C.   ORDER**

23   Therefore, it is now

24   **ORDERED** that Intervenor's Motion for Summary Judgment Re: Plaintiff's Fraud Claims

25   (Dkt. 106)  is **DENIED**.

26   ORDER - 3

1    The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of

2    record and to any party appearing *pro se* at said party's last known address.

3    DATED this 1st day of April, 2008.

4

5    ROBERT J. BRYAN
     United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   ORDER - 4